IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **99-cv-01889-JLK**

**ENGINEERED DATA PRODUCTS, INC.,**

    Plaintiff,

v.

**INFOSYSTEM SOLUTIONS, LLC,**

    Defendant.

___

**ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT**
___

Kane, J.

This patent infringement action is before me on the parties' cross motions for partial summary judgment on Defendant InfoSystem Solutions, LLC's defense of intervening rights. This statutory defense provides that when a patent has been reexamined by the United States Patent and Trademark Office, a patentee may recover damages for infringement that occurred before issuance of the reexamination certificate only if the infringed claims are "substantially identical" in the reexamined and original patents. *See* 35 U.S.C. §§ 252, 307(b).

In the related case of *Engineered Data Products, Inc. v. GBS Corp.*, No. 99-cv-00555-JLK, I today issued a memorandum decision ruling on application of the intervening rights defense to U.S. Patent 4,939,674 ("the '674 patent"), which is also

the patent in question in this case. *See id.*, Mem. Op. on Mots. for Partial Summ. J (filed March 23, 2007). In that decision, I found the following claims in the '674 patent, generally referred to as the "color claims," were substantially identical in both their original and reexamined form: Claims 1-16, 18-21 and 23. *Id.* at 12-22. Accordingly, I held that the intervening rights defense is not available to alleged infringers of these claims, and that the patentee, Plaintiff Engineered Data Products, Inc. ("EDP"), may seek to recover damages for infringement of these claims before issuance of the '674 patent's Reexamination Certificate on August 19, 2003. *Id.* at 28.

I found the remaining claims of the reexamined patent, Claims 58-63 and the "overlay claims," Claims 29-40 and 49-57, were substantively changed by amendment during the reexamination process and were not, therefore, substantially identical to their original form. *Id.* at 11, 22-27. As a result, the intervening rights defense applies to alleged infringement of these claims before the August 19, 2003 issuance of the Reexamination Certificate, and bars EDP from recovering damages for any such infringement. *Id.* at 27-28.

These findings and conclusions of law apply equally to the issues presented by the parties' cross motions for summary judgment in this action, and dictate that these motions each be granted in part and denied in part. Plaintiff EDP, however, argues that I should grant its motion in it entirety and deny that of Defendant InfoSystem Solutions, LLC ("InfoSystem") on the grounds that InfoSystem has waived the right to assert the intervening rights defense, that it lacks standing to assert the defense and/or that the

defense has already been decided against InfoSystem. I reject these arguments for the following reasons.

EDP's arguments are all founded on the entry of default against InfoSystem pursuant to Federal Rule of Civil Procedure 55(a) on January 6, 2004 as a result of InfoSystem's failure to answer or otherwise defend against the complaint by the court-ordered November 25, 2003 deadline. Entry of default, however, is not the equivalent of entry of default judgment pursuant to Rule 55(b). *See* Fed. R. Civ. P. 55. Default judgment has not been entered against InfoSystem and, in fact, consideration of EDP's motion to enter default judgment was stayed to allow consideration of InfoSystem's motion for summary judgment on its intervening rights defense. *See* Order (June 22, 2004). Entry of default pursuant to Rule 55(a) only recognizes the defaulting party's failure to answer or otherwise defend, *see* Fed. R. Civ. P. 55(a), and does not constitute a decision on the merits of the action. *See, e.g.*, *Dow Chem. Pac. Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 335 (2nd Cir. 1986). EDP errs, therefore, in asserting that entry of default constituted a judgment against InfoSystem and its intervening rights defense.

Entry of default or even default judgment also does not strip the defaulting party of the right to participate in this action. To the contrary, the defaulting party retains the right to request that its default or default judgment be set aside, *see* Fed. R. Civ. P. 55(c), and to contest matters such as the sufficiency of the facts alleged in the complaint to state a claim for relief, *see, e.g.*, *Conetta v. Nat'l Hair Care Centers, Inc.*, 236 F.3d 67, 76

3

(1st Cir. 2001); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988).

As relevant here, the defaulting party further retains the right to dispute and present evidence regarding the amount of any damages to be awarded to the opposing party upon a successful motion for default judgment. *See, e.g.*, Fed. R. Civ. P. 55(b)(2); *Sony Corp. v. Elm State Elecs., Inc.*, 800 F.2d 317, 321 (2nd Cir. 1986); *see generally* 10 Moore's Federal Practice § 55.12[2] (3rd ed. 2006). Here, InfoSystem's motion for summary judgment and the undisputed evidence it presented concerning its intervening rights defense bear directly on the damages (if any) to be awarded against InfoSystem if default judgment is entered. Accordingly, entry of default presents no bar to my consideration of InfoSystem's motion or to a decision granting this motion in part.

For the reasons stated above and in the Memorandum Opinion entered this day in the related case of *Engineered Data Products, Inc. v. GBS Corp.*, therefore, I rule as follows on the parties' cross motions:

I grant InfoSystem's motion (Doc. 54) and deny EDP's cross motion (Doc. 60) with respect to Claims 58-63 and the overlay claims, Claims 29, 49 and dependent Claims 30-40 and 50-57, based on my finding that the scope of these claims was substantively changed by amendment during reexamination. Accordingly, under the doctrine of absolute intervening rights, InfoSystem is entitled to summary judgment on EDP's claim for damages for alleged infringement of these claims before issuance of the Reexamination Certificate for the '674 patent on August 19, 2003.

4

With respect to the color claims, independent Claims 1, 9 and 20 and dependent Claims 2-8, 10-16, 18-19, 21 and 23, I deny InfoSystem's motion and grant EDP's cross motion. Because the amendment of these claims during reexamination did not change their scope, InfoSystem may not assert the defense of absolute intervening rights to avoid damages for its alleged infringement of these claims before issuance of the Reexamination Certificate.

IT IS SO ORDERED.

Dated this 23rd day of March, 2007.

s/ John L. Kane
John L. Kane, Senior District Judge
United States District Court